1  TOMAS A. ORTIZ  (SBN 188873)
     *tortiz@zuberlawler.com*
2  JEFFREY J. ZUBER  (SBN 220830)
     *jzuber@zuberlawler.com*
3  **ZUBER LAWLER LLP**
   350 S. Grand Avenue, 32nd Floor
4  Los Angeles, California 90071
   Telephone:  (213) 596-5620
5  Facsimile:  (213) 596-5621

6  Attorneys for Federal Deposit Insurance
   Corporation as Receiver for First Republic Bank
7

8                **UNITED STATES DISTRICT COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

| | |
|---|---|
| 11 GEORGE A. MILLER and JANET McKINLEY, | Case No. 3:23-cv-03975-JD |
| 12 Plaintiffs, | **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** |
| 13 v. | |
| 14 | |
| 15 FIRST REPUBLIC BANK, SAMUEL CARL SCHONER, and DOES 1-10, | |
| 16 Defendants. | [Filed concurrently with Declaration of Jeffrey J. Zuber, Request for Judicial Notice, and [Proposed] Order] |
| 17 | |
| 18 | |
| 19 | Judge:    Hon. James Donato |
| 20 | Date:     September 28, 2023<br>Time:     10:00 a.m.<br>Crtrm:   11 |
| 21 | |

22  **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

23        **PLEASE TAKE NOTICE THAT** on September 28, 2023, at 10:00 a.m. or as soon

24  thereafter as counsel may be heard, in the courtroom of the Honorable James Donato, located in

25  the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Federal

26  Deposit Insurance Corporation as Receiver for First Republic Bank ("FDIC-R") will and hereby

27  does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss all claims

28  asserted against FDIC-R in these proceedings by plaintiffs George A. Miller and Janet McKinley

1  ("Plaintiffs").

2      This Motion is made on the ground that pursuant to 12 U.S.C. § 1821(d)(13)(D), the Court

3  lacks jurisdiction over Plaintiffs' claims because Plaintiffs have failed to exhaust administrative

4  remedies in accordance with 12 U.S.C. § 1821(d)(5). Therefore, the Court should dismiss

5  Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

6      This Motion is based on this Notice of Motion, the attached Memorandum of Points and

7  Authorities, the Declaration of Jeffrey J. Zuber, Request for Judicial Notice and Exhibits filed

8  concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters

9  of which the Court may take judicial notice, and any argument or evidence that may be presented

10  to or considered by the Court prior to its ruling.

11

12  Dated:  August _17, 2023                    Respectfully submitted,

13                                              **ZUBER LAWLER LLP**
                                                JEFFREY J. ZUBER
14                                              TOMAS A. ORTIZ

15

16                                  By:      /s/ Jeffrey J. Zuber

17                                           Attorneys for Federal Deposit Insurance
                                             Corporation as Receiver for First Republic Bank

18

19

20

21

22

23

24

25

26

27

28

1620-1010 / 2361942.1      NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

**1**     **MEMORANDUM OF POINTS AND AUTHORITIES**

**2** **I.      FACTUAL AND PROCEDURAL BACKGROUND.**

**3**          On July 17, 2023, Plaintiffs George A. Miller and Janet McKinley filed this action against

**4** First Republic Bank with the Superior Court of the State of California for the County of San

**5** Francisco, *George A. Miller, et al. v. First Republic Bank, et al.*, Case No. CGC-23-607628 (the

**6** "California State Action"). (Exhibit C; Declaration of Jeffrey J. Zuber ("Zuber Decl."), para. 3.)

**7**          On May 1, 2023, prior to the filing of the California State Action, First Republic Bank was

**8** closed by the California Department of Financial Protection and Innovation, and the FDIC

**9** accepted appointment as First Republic Bank's receiver ("FDIC-R"). (Zuber Decl., para. 4-5; Exs.

**10** D and E.) By operation of federal law, in its role as Receiver, the FDIC-R has succeeded to all

**11** rights, titles, powers, and privileges of First Republic Bank, including the California State Action.

**12** *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

**13**          On August 4, 2023, the FDIC-R substituted into the place of First Republic Bank as a real

**14** party in interest in the California State Action and subsequently removed the entire case to the

**15** United States District Court for the Northern District of California on August 7, 2023. (Zuber

**16** Decl., paras. 6-7, Exs. F and G, respectively.)

**17**          Each plaintiff has been served a notice to present their proof of claim by the FDIC-R, and

**18** been advised through counsel that they must exhaust administrative remedies before proceeding

**19** with a lawsuit in any court against FDIC-R. (Zuber Decl., para. 2; Exs. A and B.) As of the date of

**20** this motion, plaintiffs have not dismissed the action nor agreed to pursue their administrative

**21** remedies as required by statute.

**22**          Accordingly, FDIC-R respectfully requests this Court dismiss Plaintiffs' claims for lack of

**23** subject matter jurisdiction.

**24** **II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES IS A PREREQUISITE TO**

**25**          **JURISDICTION.**

**26**          Federal courts are courts of limited jurisdiction and limits on federal jurisdiction cannot be

**27** disregarded or evaded.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A

**28** plaintiff must therefore allege a proper basis for subject matter jurisdiction. *See* Fed. R. of Civ. P.

1                                    Case No.3:23-cv-03975-JD

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

1    8(a)(1);  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A motion to dismiss

2    for lack of subject matter jurisdiction is authorized by Fed. R. Civ. P. 12(b)(1).

3        When jurisdiction is contested, a plaintiff who has invoked a court's jurisdiction bears the

4    burden of establishing propriety of jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

5    375, 377 (1994). The court presumes a lack of subject matter jurisdiction until the plaintiff proves

6    otherwise. *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Unless

7    plaintiff establishes that the court has subject jurisdiction, upon motion, the court must dismiss the

8    plaintiff's complaint. *Id.*

9        In considering a motion to dismiss for lack of subject matter jurisdiction, "the district court

10   is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and

11   testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v.*

12   *United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the

13   motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought

14   before the court, the party opposing the motion must furnish affidavits or other evidence necessary

15   to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union High*

16   *Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1052 (9th Cir. 2003).

17       If the opposing party fails to meet this burden, the action must be dismissed for lack of

18   subject matter jurisdiction. *See Kokkonen*, 511 U.S. at 377; *St. Clair v. City of Chico*, 880 F.2d

19   199, 201 (9th Cir. 1989).

20   **A.    <u>The FIRREA Administrative Claims Process is Mandatory, Not Voluntary.</u>**

21       The Federal Deposit Insurance Act, as amended by the Financial Institutions Reform,

22   Recovery and Enforcement Act of 1989 ("FIRREA"), establishes an administrative claims process

23   which all persons asserting claims must exhaust before they may commence litigation on a claim.

24   12 U.S.C. § 1821(d)(3)-(13) ("Administrative Claims Process"); *Benson v. JPMorgan Chase*

25   *Bank, N.A.*, 673 F.3d 1207 (9th Cir. 2012); *McCarthy v. FDIC*, 348 F.3d 1075, 1081 (9th Cir.

26   2003). The claims to which this requirement applies include:

27       (i) any claim or action for payment from, or any action seeking a determination of

28       rights with respect to, the assets of any depository institution for which the [FDIC]

1  has been appointed receiver, including assets which the [FDIC] may acquire from

2  itself as such receiver; or (ii) any claim relating to any act or omission of such

3  institution or the [FDIC] as receiver.

4  12 U.S.C. § 1821(d)(13)(D).

5  Pursuant to the Administrative Claims Process, shortly after a financial institution is

6  placed in receivership, the FDIC publishes a notice setting a bar date for filing claims against the

7  receivership, which may be not less than 90 days after the publication of such notice.  12 U.S.C.

8  §1821(d)(3)(B). Claims filed after the published bar date must be "disallowed and such

9  disallowance shall be final," unless the late-filed claims exception set forth in 12 U.S.C.

10  §1821(d)(5)(C)(ii) applies.  12 U.S.C. § 1821(d)(5)(C)(i).

11  Once the claimant files a claim, the FDIC, as receiver, has 180 days within which to

12  review and allow or disallow a claim and to notify the claimant of the allowance or disallowance

13  of the claim.  12 U.S.C. § 1821(d)(5)(A). A claimant has 60 days after the FDIC provides notice of

14  the disallowance of a claim or the end of the 180-day claims review period (if the FDIC, as

15  receiver, does not provide notice of the allowance or disallowance of the claim within the 180-day

16  claims review period) to "file suit on such claim (or continue an action commenced before the

17  appointment of the receiver) in the district or territorial court of the United States for the district

18  within which the depository institution's principal place of business is located or the United States

19  District Court for the District of Columbia (and such court shall have jurisdiction to hear such

20  claim)."  12 U.S.C. § 1821(d)(6).

21  **B.     No Court has Jurisdiction until Administrative Claims Process is Exhausted.**

22  Until a plaintiff exhausts the Administrative Claims Process, no court has subject matter

23  jurisdiction over the plaintiff's claims.  12 U.S.C. § 1821(d)(13)(D); *Henderson v. Bank of New*

24  *England*, 986 F.2d 319 (9th Cir. 1993); *Intercont'l  Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278,

25  1283 (9th Cir. 1994); *McCarthy, supra* at 1081. "[A]n administrative exhaustion rule is

26  meaningless if claimants may impede and abandon the administrative process and yet still be

27  heard in the federal courts." *Vinieratos v. United States*, 939 F.2d 762, 772 (9th Cir. 1991).

28  Furthermore, this jurisdictional bar "extends to all claims and actions against, and actions seeking

1  a determination of rights with respect to, the assets of failed financial institutions for which the

2  FDIC serves as receiver" and to all claims arising both prior to and after the appointment of the

3  FDIC as receiver. *Id*.

4       Finally, the lack of subject matter jurisdiction resulting from a claimant's failure to exhaust

5  the Administrative Claims Process cannot be waived and may be raised at any time.

6  *Intercontinental Travel Mktg. Inc*., supra at 1286; *see also* Fed. R. Civ. P. 12(h)(3). The FDIC-R

7  raises this issue here, in its first responsive pleading.

8  **III.**    **PLAINTIFFS' CLAIMS AGAINST FDIC-R MUST BE DISMISSED FOR LACK**

9        **OF JURISDICTION.**

10       Congress enacted FIRREA to enable the federal government to respond swiftly and

11  effectively to failed or failing banks and savings institutions. *Henderson,* 986 F.2d at 320.  It

12  streamlined the process of resolving failed banks by including provisions in FIRREA which

13  require administrative review of all claims asserted against a FDIC Receiver.  *See* 12 U.S.C. §

14  1821(d)(3)-(10). The receivership claims process was conceived to permit the FDIC "to quickly

15  resolve many of the claims against failed financial institutions without unduly burdening the

16  District Courts."  *Henderson*, 986 F.2d at 320. "In enacting FIRREA, Congress anticipated that

17  [FDIC] would face numerous claims... Accordingly, it sought to reduce the volume of formal

18  litigation...by providing for administrative review of such claims...before judicial proceedings

19  could commence."  *Stamm v. Paul*, 121 F.3d 635, 639 (11th Cir. 1997). The statute contains no

20  provision granting federal jurisdiction to claims filed after a receiver is appointed but before

21  administrative exhaustion. *Meliezer v. RTC*, 952 F.2d 879 (5th Cir. 1992).

22       More to the point, Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made

23  outside the administrative procedures of section 1821:

24      (D) Limitation on judicial review

25      Except as otherwise provided in this subsection, no court shall have jurisdiction over—

26      (i) any claim or action for payment from, or any action seeking a determination of rights

27      with respect to, the assets of any depository institution for which the Corporation has been

28      appointed receiver, including assets which the Corporation may acquire from itself as such

1    receiver; or

2    (ii) any claim relating to any act or omission of such institution or the Corporation as

3    receiver.

4    12 U.S.C. § 1821(d)(13)(D).

5    A claimant must therefore first complete the claims process before seeking judicial

6    review. *See, Henderson v. Bank of New England*, 986 F.2d at 320; *Abbott Bldg. Corp. v. United*

7    *States*, 951 F.2d 191, 194 n. 3 (9th Cir.1991) ("FIRREA did create a claims procedure, and

8    required its exhaustion.");  *Local 2 v. FDIC*, 962 F.2d 63, 66 (D.C.Cir.1992);  *Marquis v. FDIC,*

9    965 F.2d 1148, 1151 (1st Cir.1992);  *Rosa v. Resolution Trust Corp*., 938 F.2d 383, 391 (3d Cir.),

10   cert. denied, 502 U.S. 981, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). The statute specifically bars

11   judicial review of any non-exhausted claim, monetary or nonmonetary, which is "***susceptible of***

12   ***resolution through the claims procedure***." *Rosa*, 938 F.2d at 934 (*emphasis added*); 12 U.S.C. §

13   1821(j) ("Except as otherwise provided in this section, no court may take any action ... to restrain

14   or affect the powers or functions of the Corporation as a conservator or a receiver").

15   "The phrase 'except as otherwise provided in this subsection' refers to a provision [12

16   U.S.C. § 1821(d)(6)(A)] that allows jurisdiction after the administrative claims process has been

17   completed." *McCarthy v. FDIC*, 348 F.3d 1075, 1078 (9th Cir. 2003). "A claimant must complete

18   the claims process before seeking judicial review... [FIRREA] bars judicial review of any non-

19   exhausted claim...which is susceptible of resolution through the claims procedure." *Henderson*,

20   986 F.2d at 320-21; *see also In re Parker N. Amer. Corp.*, 24 F.3d 1145, 1150 (9th Cir. 1994).

21   (noting that "[FIRREA] strips all courts of jurisdiction over claims outside the administrative

22   procedures [and] claimants must exhaust...administrative remedies before seeking [judicial]

23   review").

24   Plaintiffs assert four claims for breach of fiduciary duty, negligence, elder abuse and fraud,

25   respectively in their complaint. (Zuber Decl., para. 3, Ex. C.) Each of the four claims are subject to

26   resolution by way of FIRREA's administrative procedures.  Although the complaint was filed

27   after FDIC-R was appointed, Plaintiffs have not filed a claim for administrative review under

28   FIRREA. Even had the Plaintiffs filed a claim, the claims process must be exhausted before the

1620-1010 / 2361942.1        NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

1  Plaintiffs could bring this claim. Accordingly, as a matter of law, this Court lacks subject matter

2  jurisdiction over Plaintiffs' action, and it must be dismissed.  *See Gwaltney of Smithfield, Ltd. v.*

3  *Chesapeake Bay Found., Inc*., 484 U.S. 49, 69, 108 S.Ct. 376, 387, 98 L.Ed.2d 306 (1987).

4

5  **IV.    CONCLUSION**

6         On the basis of the foregoing, the FDIC-R respectfully requests that this Court grant this

7  motion and dismiss this action for lack of subject matter jurisdiction.

8

9  Dated:  August  17_, 2023                         Respectfully submitted,

10                                                    **ZUBER LAWLER LLP**
                                                      JEFFREY J. ZUBER
11                                                    TOMAS A. ORTIZ

12

13                                        By:    /s/ Jeffrey J. Zuber
                                                 Attorneys for Federal Deposit Insurance
14                                               Corporation as Receiver for First Republic Bank

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1620-1010 / 2361942.1          NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)